LAURIE, In re. See Case No. 4,704.

LAUTH (SAVARY v.). See Case No. 12,389.

LAVEAGA v. WILLIAMS. See Case No. 3,759.

## Case No. 8,123.

### LA VEGA v. LAPSLEY et al.

[1 Woods, 428.] [1]

Circuit Court, W. D. Texas. Jan. Term, 1871.

PRACTICE IN EQUITY — WANT OF EQUITY IN BILL —WHEN TO MAKE OBJECTION—HOW MADE AFTER ANSWER.

1. In the United States equity courts, a bill will not be dismissed for want of equity, except on the final hearing, unless the objection be taken by demurrer.

2. Under the sixty-third rule of equity practice, exceptions to an answer for insufficiency must be set down on a rule day for hearing before a judge of the court. A reference of such exceptions on a day not a rule day, and to a master instead of a judge of the court, is, unless cured by some subsequent action of the court, a nullity, and is an abandonment of the exceptions.

This cause came on for hearing on two separate motions of defendants to dismiss the bill of complaint.

Wm. Alexander, for complainant.

John Hancock, Chas. S. West, and W. M. Walton, for defendants.

Before WOODS, Circuit Judge, and DUVAL, District Judge.

WOODS, Circuit Judge. On the 15th of January, 1869, John C. Watrous, one of the defendants, having previously answered the bill, filed his motion to dismiss the bill, "because the case stated therein was not within the appropriate jurisdiction of a court of equity, there being no equity as shown on the face of the bill;" and on the 25th of January, 1871, the other defendants having previously answered, also filed a similar motion on the ground that "there was no equi-

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

ty presented on the face of the bill which would authorize the court to grant the relief prayed for." These are, in substance, motions to dismiss the bill for want of equity, and, according to the rules and practice in the equity courts of the United States, this motion cannot be entertained until the final hearing of the case. This precise question was made and decided by the supreme court of the United States in the case of Betts v. Lewis, 19 How. [60 U. S.] 72. In that case the court says: "After the answers had been filed and while exceptions to one of the answers were pending, the respondent moved to dismiss the bill for want of equity and the court ordered it to be dismissed. This was irregular and the decree must be reversed. The equity practice of the courts of the United States is governed by the rules prescribed by this court under the authority conferred upon it by act of congress, and is the same in all the states. And this practice does not sanction the dismissal of a bill on a motion made while the parties are perfecting the pleadings. The question whether the bill contains any equity may be raised by a demurrer. If the defendant answer, this question cannot be raised till the hearing. Non constat that a defect may not be removed before the hearing. The case must be remanded to the circuit court, and if any defects exist in the bill capable of being cured by amendments, as no replication has been filed, it is within the rules of ordinary practice to allow them to be made." Controlled by this decision we must hold that the motions to dismiss the bill for want of equity were improvidently made, and must therefore be overruled.

The motion of Watrous might be construed to raise the question of jurisdiction. A motion to dismiss for want of jurisdiction would be entertained by the court at any stage of the proceedings, or the court sua sponte would dismiss a bill for want of jurisdiction. The only ground, aside from want of equity, on which such a motion could be based in this case is that the complainant has a plain, adequate and complete remedy at law, and that under the act of congress this court of equity is therefore prohibited from entertaining it. On looking at the prayer of the bill, it is seen that the relief prayed could not be granted by a court of law. And while not intimating an opinion one way or the other, whether the complainants have by this bill shown themselves entitled to the relief they ask (for this touches the equity of the bill), it is evident that the relief sought can only be granted by a court of equity and could not be obtained in a court of law. A motion to dismiss the bill for want of replication is also made by defendants.

We understand the following to be in part the history of this case: The bill was filed on the 8th day of April, 1868, and Lapsley's appearance was entered at the June rules

following. At the September rules, 1868, a decree pro confesso was taken against Lapsley, which he moved to set aside, which motion the court, on September 11, granted on condition that Lapsley filed his answer within three days. On September 14 Lapsley filed his answer, to which, on October 5, complainant filed exceptions, which on the same day were referred to the standing master. On November 2, before the master made his report complainant took another decree pro confesso against Lapsley and moved to make it absolute. On December 2, Lapsley made a motion to set aside this second decree pro confesso, and on February 20, 1869, the court refused to make the decree absolute and ordered the second decree pro confesso to be set aside. This order the court, at the present term, has refused to set aside. On January 4, 1869, before the order of the court setting aside the second decree pro confesso, Lapsley moved for leave to withdraw his original answer and file another, which motion was denied, but leave was given him to amend his said answer in respect to the caption and verification. This order was made on February 20, 1869. On February 27, 1869, Lapsley filed his second answer, to which complainant, on April 16, 1869, filed new exceptions, and instead of setting them down for hearing they were at once referred to a master. The master overruled some of the exceptions and sustained others, and the report of the master was confirmed, and Lapsley ordered to file a further answer covering the exceptions which were sustained by the court. This he did on the 13th of May, 1869. No replication having been filed by complainant, the defendants, on the 23d day of January, 1871, took a rule dismissing his bill, and motion is now made to confirm the rule and dismiss the bill out of this court. This motion is based on the idea that complainant having failed to set down his exceptions for hearing before a judge of the court within the time prescribed by the 63d equity rule, but instead thereof having had them referred to a master, the exceptions were abandoned and a replication was due from complainant on the next succeeding rule day.

This brings up for the decision of the court the proper construction of rule 63, equity practice, and presents the question whether under that rule, exceptions for insufficiency can be referred to a master, or whether they must, in the first instance, be set down for hearing before a judge of the court. We are clear that the latter practice is the correct one, and the only one allowed by the rule. The rule says: "Where exceptions shall be filed to the answer for insufficiency, if the defendant shall not submit to the same and file an amended answer on the next succeeding rule day, the plaintiff shall forthwith set them down for hearing on the next succeeding rule day thereafter, before

a judge of the court." The language of this rule is so clear and explicit that there seems to be no room for construction. The plaintiff is allowed from one rule day to another to file his exceptions to an answer. Exceptions being filed, the defendant is allowed till the next succeeding rule day to submit to the exceptions and file an amendment, and if he fails to do so by the succeeding rule day, the plaintiff must on that day set down the exceptions for hearing before a judge on the next rule day following. The plaintiff is only allowed to set down his exceptions for hearing on a rule day, to be heard before a judge at the next succeeding rule day. To refer them to a master on a day not a rule day, as was done in this case, is to do what is not authorized by the rules, and unless affirmed or cured by some subsequent action of the court, is a nullity. We have been referred to Leslie's Equity Pleading, and to Barton's Suit in Equity, to prove the proposition that it is proper course to refer exceptions to the answer to a master. This was formerly but is no longer the English practice, and is not the practice in the United States courts. The sixty-third rule provides that if the exceptions are not so set down, that is, as prescribed in a former part of the rule, they shall be considered abandoned. The exceptions in this case were not so set down, and were therefore abandoned.

THE COURT has, however, acted on the report of the master, sustaining a part of the exceptions, and the defendant has submitted to the order of the court sustaining the exceptions by filing a further answer. In any view the exceptions are disposed of, and the defendants are entitled to have the case put to issue by the filing of the replication, and the same not having been filed, the defendants are entitled to have the bill dismissed, unless the court, for cause shown, allow a replication to be filed nunc pro tunc. Under the circumstances of this case, owing to the unsettled practice of this rule in this court, we are disposed to allow a replication to be filed, and to overrule the motion to dismiss the bill. Ordered accordingly.